**2004–2150. Ohio State Bar Assn. v. Allen.**
On December 7, 2005, this court enjoined respondent John Allen from the unauthorized practice of law in Ohio, pursuant to its authority to regulate the practice under Article IV, Section 2(B)(1)(g) of the Ohio Constitution and Gov.Bar R.VII(19)(D)(1)(a) and assessed a civil penalty against him in the amount of $40,000 pursuant to Gov.Bar R.VII(19)(D)(1)(c).

On May 12, 2010, relator, Ohio State Bar Association, filed a motion requesting this court to issue an order directing respondent to show cause why he should not be found in contempt of this court's December 7, 2005 order for continuing to practice law and for failing to pay the civil penalty. On June 10, 2010, this court ordered respondent to appear in person before the court on July 6, 2010. Respondent did not appear before the court on the scheduled date. Upon consideration thereof,

It is ordered by the court that respondent is hereby found in contempt.

It is further ordered by the court, sua sponte, that John Allen, a.k.a., John D. Allen, a.k.a., John Dale Allen, a.k.a., Dale Allen Oates, a.k.a., Dale Alan Oates, a.k.a., Dale Allen Oatess, a.k.a., Dale Alan Oatess, a.k.a., Dale A. Oatess, shall serve 30 days in jail and that a warrant be issued for his arrest to the Sheriff of Muskingum County and to the sheriffs of such other counties as the contemnor may frequent.

It is further ordered, sua sponte, that the Clerk of the Supreme Court of Ohio is authorized to release to the appropriate law enforcement officials any information concerning respondent that is otherwise confidential, including respondent's Social Security number, for the purpose of facilitating execution of the warrant issued for the arrest of respondent.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All documents are subject to Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio, which govern access to court records.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order and all other orders in this case to respondent's last known address.

**2010–0851. Disciplinary Counsel v. Pullins.**
The Board of Commissioners on Grievances and Discipline filed its final report in this court on May 12, 2010, recommending that pursuant to Gov.Bar R. V(6)(B)(2), the respondent, Scott Pullins, be indefinitely suspended from the practice of law. A show cause order was issued by the court and in response, respondent filed objections and the relator filed an answer. On June 15, 2010, respondent filed a request for remand to the board and a request for judicial notice of a decision in the Knox County Court of Appeals. On June 21, 2010, relator filed a memo opposing the request for remand and a memo opposing the request for judicial notice. On June 28, 2010, respondent filed a motion to strike count four and a motion for sanctions for frivolous action. A memo opposing these motions was filed on July 1, 2010 by relator. Upon consideration thereof,

It is ordered by the court that respondent's request for remand, request for judicial notice, motion to strike count four and motion for sanctions for frivolous action are denied.

It is further ordered that this case will be scheduled for oral argument.

BROWN, C.J., dissents and would remand the matter to the board.